# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Christopher E. Blake <br> _Debtor_ | CHAPTER 13 |
| Toyota Motor Credit Corporation <br> _Movant_ <br> vs. | NO. 17-12184 REF |
| Christopher E. Blake <br> _Debtor_ | |
| Frederick L. Reigle <br> _Trustee_ | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The future value on the vehicle held by the Movant on the Debtor's vehicle is **$36,000.29**, which breaks down as follows;

| | |
|---|---|
| Principal: | $31,872.00 |
| Interest Rate: | $4.90% |
| Duration: | 60 Months |
| Payment: | $600.00/month |
| Future Value: | $36,000.29 |
| Interest Amount: | $4,128.29 |

2. The Debtor shall cure the future value of the vehicle in the following manner:

    a). The vehicle will be paid off over a five (5) year period with direct payments to the client outside of the Bankruptcy Plan.

3. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

5. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date:   March 1, 2018

By: /s/ Kevin G. McDonald, Esquire
Kevin G. McDonald, Esquire
Attorney for Movant
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: 3/20/18

John A. DiGiamberardino, Esq
Attorney for Debtor(s)

Date: 4/2/18

Frederick L. Reigle
Trustee

Approved by the Court this 3 day of April, 2018. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Richard E. Fehling