UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:
   CHRISTOPHER E. BLAKE           NO. 17-12184 AMC
   MITIZENE LINDO-BLAKE          CHAPTER 13

OBJECTION OF PACCAR FINANCIAL CORP TO CONFIRMATION
OF DEBTORS' SEVENTH AMENDED CHAPTER 13 PLAN [DOC. 161]

PACCAR Financial Corp ("PACCAR"), objects to confirmation of Debtors' Seventh (7th) Amended Chapter 13 Plan ("Plan"), for the following reasons:

1. The Plan is not feasible.

2. The Plan unfairly discriminates against creditors of their personal creditors by, *inter alia*, using their funds and this Plan to pay secured creditors of Blakes Trucking LLC (i.e., Toyota Trucking), essentially walking away from the debts of the LLC, including those of PACCAR.

3. The Plan [¶9(b)] provides material funding for the Plan by funds from PACCAR pursuant to an earlier understanding between the parties, including the Chapter 13 Trustee.

4. Such funds should NOT be used to subsidize a Plan designed to allow Debtors to retain their property without payment in full to their personal creditors as well as those of the LLC and themselves, pay only those creditors they wish to pay, and nothing to personal unsecured creditors. (Or rather, an insulting $17.84).

5. Debtors filed the Petition for Relief on May 29, 2017. Confirmation has been unreasonably delayed to the prejudice of creditors. [11 U.S.C. §1307(b)(1)]

6. The only significant change between the 6th and 7th Amended Plans is that the debtors are paying off the LLC's Toyota; which is in defraud of the LLC's creditors.

7. Debtors have, without providing appropriate accounting of the LLC assets been paying off a Toyota Tundra, titled to the LLC; confirmation will allow them to personally keep the Toyota, at the expense of LLC assets; possibly transferring it to their personal name, upon dismissal of the LLC case which remains pending.

8. Debtors' Chapter 13 Plan does not account for the value of LLC assets that

have or will accrue to them, the value of which belongs to their creditors (possibly in defraud of the LLC creditors.)

9. Having availed themselves of the benefits of consolidation now, with the cases deconsolidated, Debtors are effectively paying only those creditors, both personally and of the LLC, to whom they wish to pay either directly or "through the plan") and not treating all creditors fairly.

10. Essentially, the 7th Amended Plan is surreptitiously re-consolidating the LLC and personal cases, despite specific de-consolidation. After 2 ½ years of legal prestidigitation, the 7th Plan appears not to have been filed in a good faith attempt to pay their creditors and those of the LLC creditors, to all of whom Debtors owe a fiduciary obligation with regard to their business and assets. The time delay alone unfairly prejudiced creditors. 11 U.S.C. §1307(c)(1) and (c)(3).

11. For example, during the time of consolidation, operating reports were (eventually) filed for April through November 2018, showing complete consolidation of the finances of the LLC and Blakes; not properly disclosing the financial operations and assets of the LLC as distinct from those the Blakes. This benefitted the Blakes personally at the expense of the needs of their creditors or those of the LLC. There have been no operating reports during or after November 2018, making Debtor's business operations and use of cash and receipts hidden from required scrutiny, all to the detriment of the estate and creditors of both themselves and the LLC.

12. Debtors have not provided tax information for the LLC or their personal accounts; refunds would belong to the estate and creditors.

13. Essentially, Debtors cannot create or complete a Chapter 13 Plan that is feasible or fair and should not be confirmed. *In re: Soppick, 516 B.R. 733 (Bankr. E.D. Pa 2014)(Chapter 13 dismissed)*

14. Reference is made to PACCAR's Objection to The Motion to Dismiss the LLC Chapter 11 Case (No. 17-12182) which is incorporated by reference.

WHEREFORE, PACCAR Financial Corp., prays this Honorable Court to enter an

Order denying confirmation of Debtor's Seventh Amended Plan and for such other relief as is just and equitable.

September 11, 2019

GERSHMAN LAW OFFICES PC

*/s/ Howard Gershman*
Howard Gershman
610 York Road, Ste. 200
Jenkintown, PA 19046
215 886 1120

I certify a true and correct copy hereof served this date upon:

John DiGiamberardino, Esquire
Case & Di Giamberardino PC
845 North park Road, Ste. 101
Wyomissing, PA 19601

Dave P. Adams, Esquire
Office of US Trustee
200 Chestnut Street, Ste. 502
Philadelphia, PA 19106

Scott F. Waterman, Trustee
2901 St Lawrence Avenue
Suite 100
Reading, PA 19606